**Jane DOE, Plaintiff,**

v.

**DOUGLAS COUNTY SCHOOL DISTRICT RE–1 and Jerrold Hellman, individually and in his official capacity as school psychologist of Douglas County School District RE–1, Defendants.**

**Civ. A. No. 91–B–539.**

United States District Court,
D. Colorado.

Oct. 17, 1991.

Lynn D. Feiger, Madeline A. Collison, Darold W. Killmer, Catherine A. Tallerico, Feiger, Collison & Killmer, Denver, Colo., for plaintiff.

Richard E. Bump, William J. Kowalski, Allen P. Taggart, Caplan and Earnest, Boulder, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant Douglas County School District RE-1 (the School District) moves for reconsideration of my prior ruling that plaintiff's sixth claim for relief under 42 U.S.C. § 1983 is a claim against defendant Hellman in his official capacity. Alternatively, defendant moves to strike or dismiss plaintiff's sixth claim for relief. Plaintiff moves for entry of default judgment against defendant Hellman in his official capacity. Hearing was held on October 17, 1991. Defendant's motion for reconsideration will be denied. However, because plaintiff's 42 U.S.C. § 1983 claim against Hellman in his official capacity is duplicative of her claim against the School District, I grant defendant's motion to dismiss. The School District filed a timely motion to dismiss and, thus, it has not defaulted. Therefore, plaintiff's motion for entry of default judgment is denied.

This dispute centers on the alleged sexual molestation of plaintiff by Jerrold Hellman (Hellman), a School District psychologist. In her complaint, plaintiff alleges that from August, 1983 to August, 1985, she attended Douglas County High School. Shortly after she began attending that school, school officials required her to see Hellman for counseling. Hellman recommended long-term therapy. He personally undertook her counseling. Plaintiff met weekly with Hellman for therapy sessions, which were conducted on-campus, at his home, and at various other locations. Plaintiff alleges that during these sessions, Hellman made frequent sexual advances toward her, fondling her breasts and genitals. On one occasion, she claims Hellman subjected her to oral sex at his home. Additionally, plaintiff contends that he subjected her to psychological abuse.

Plaintiff brought suit here. The claims against Hellman individually were stayed when he filed for bankruptcy. My Order of August 16, 1991 dismissed plaintiff's pendant state law claims against the School District. Further, I held on August 15, 1991 in a bench order that plaintiff's § 1983 claim against Hellman was brought against him in his official capacity. Thus, the only two remaining claims are against the School District and Hellman in his official capacity, both under § 1983.

## I.

The School District moves for reconsideration of my ruling that plaintiff's sixth claim for relief alleging § 1983 violations against Hellman was brought in his official capacity. In *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985), the Supreme Court indicated that a district court should look first to the complaint in determining whether a claim is brought against an official individually or in his official capacity. If the complaint is ambiguous, the determination must be made by reviewing the "course of the proceedings." *See also,*

**1416**

*Houston v. Reich,* 932 F.2d 883 (10th Cir. 1991).

■ First, the complaint here is clear. It asserts § 1983 violations against Hellman "in his capacity of School Psychologist." Moreover, as all claims against Hellman individually are stayed, it is reasonable to conclude that plaintiff intended to assert this claim against him in his official capacity. Therefore, I decline to reconsider my conclusion that plaintiff's sixth claim for relief is brought against Hellman in his official capacity.

## II.

■ The School District argues that plaintiff's sixth claim for relief should be dismissed or stricken because it is redundant with plaintiff's § 1983 claim against the School District. I agree and dismiss.

The Supreme Court has clearly established that:

> Official capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the governmental entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.

*Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985), (quoting, *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978)), (citations omitted). A plaintiff seeking to recover on damages in an official capacity suit must look to the governmental entity alone for payment. *Id.* 473 U.S. at 166, 105 S.Ct. at 3106. Where a suit contains both entity and official capacity claims, the only defendant is the entity. *Houston,* 932 F.2d at 889, (official capacity claim cannot survive after directed verdict on entity claim); *Starrett v. Wadley,* 876 F.2d 808, 813 (10th Cir.1989), (despite presence of official capacity claim, "the appeal effectively is between only two parties: the County and plaintiff"); *Jungels v. Pierce,* 825 F.2d

1127, 1129 (7th Cir.1987), (whenever a complaint names both a municipality and one of its officials sued only in his official capacity, "there is only one defendant—the City—not two").

■ Because I must treat plaintiff's official capacity claim "as a suit against the entity," it is apparent that the sixth claim for relief is identical to her first claim for relief asserting the same § 1983 violations directly against the School District. Although there is no Tenth Circuit decision on point, dismissal of plaintiff's redundant claim is warranted as a matter of judicial economy and efficiency. The Second Circuit has held that dismissal of the official capacity claim is a proper remedy where the real party in interest was the school board. *Rosa R. v. Connelly,* 889 F.2d 435, 437 (2d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3225, 110 L.Ed.2d 671 (1990). *See also, Willis v. Bell,* 726 F.Supp. 1118, 1124 (N.D.Ill.1989), ("Because the official capacity claim in the present situation makes no practical difference, there is no reason to retain Martin as a party to this action").

Plaintiff argues that an official capacity suit is distinct from a suit directly against an entity because the former "alleges deprivations by the *official* himself, rather than a subordinate, so concepts of vicarious liability are not a concern." Plaintiff's Response in Opposition to Defendant's Motion at 5. However, *Monell* holds that a municipality cannot be vicariously liable for the actions of its agents. Rather, it can be held liable only when the entity itself is a "moving force" behind the deprivation. *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037, (entity's policy, practice or custom must have played a part in the constitutional violation). School District liability for any judgment against Hellman in his official capacity that focuses on "deprivations of the official himself" yields the *respondeat superior* liability prohibited by *Monell.*

■ Moreover, to prevail on her official capacity claim, plaintiff here must prove that the School District maintained a policy, practice or custom that helped cause the

deprivation of her constitutional rights. This is identical to what plaintiff must prove on her direct claim against the School District. Plaintiff cannot avoid this element of her claim by the simple expedient of bringing her suit against Hellman in his official capacity. *Kentucky v. Graham*, 473 U.S. at 166, 105 S.Ct. at 3105.

### III.

Plaintiff moves for entry of default judgment against Hellman in his official capacity. However, as discussed above, the real party in interest is not Hellman but the School District. The School District filed a timely motion to dismiss plaintiff's sixth claim for relief. This is a responsive pleading. Therefore, the School District has not defaulted.

Accordingly, IT IS ORDERED THAT:

(1) Defendant's motion for reconsideration is DENIED;

(2) Defendant's motion to dismiss plaintiff's sixth claim for relief is GRANTED;

(3) Plaintiff's motion for entry of default judgment is DENIED.